UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

EILEEN M. HALL,

                                        Plaintiff,

        v.                                                  **DECISION AND ORDER**
                                                            06-CV-690S

MICHAEL ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

                                        Defendant.

        1.      Plaintiff Eileen M. Hall challenges an Administrative Law Judge's ("ALJ")

determination that she is not disabled within the meaning of the Social Security Act ("the

Act").  Plaintiff alleges that she has been disabled since September 6, 2003, due to a

mental impairment.  Plaintiff contends that her impairment renders her unable to work.

She therefore asserts that she is entitled to disability benefits under the Act.

        2.      Plaintiff filed an application for disability insurance benefits on July 27, 2004.

Her application was denied initially on September 25, 2004, and Plaintiff requested a

hearing before an ALJ, which was held on September 12, 2005.  The ALJ considered

Plaintiff's case *de novo*, and on November 21, 2005, issued a decision denying Plaintiff's

application for benefits.

        Plaintiff exhausted her administrative remedies[1] and filed the instant action on

October 19, 2006, challenging the ALJ's decision.  The parties subsequently filed Motions

for Judgment on the Pleadings on April 3, 2007.  After full briefing, this Court deemed oral

argument unnecessary and took the motions under advisement on June 11, 2007.  For the

following reasons, Defendant's motion is granted and Plaintiff's motion is denied.

---

        [1]     The ALJ's decision became the Commissioner's final decision in this matter after the
Appeals Council denied Plaintiff's request for review on September 27, 2006.

3.      A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled.  See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health and Human Servs., 906 F.2d 856, 860 (2d Cir. 1990).   Rather, the Commissioner's determination will be reversed only if it is not supported by substantial evidence or there has been a legal error.  See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979).  Substantial evidence is that which amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.  See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

4.      "To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988).   If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]."   Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992).  In other words, this Court must afford the Commissioner's determination considerable deference, and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo*

2

review."  Valente v. Sec'y of Health and Human Servs., 733 F.2d 1037, 1041 (2d Cir.

1984).

5.     The Commissioner has established a five-step sequential evaluation process

to determine whether an individual is disabled as defined under the Social Security Act.

See 20 C.F.R. §§ 404.1520, 416.920.  The United States Supreme Court recognized the

validity of this analysis in Bowen v. Yuckert, 482 U.S. 137, 140-42, 107 S. Ct. 2287, 2291,

96 L. Ed. 2d 119 (1987), and it remains the proper approach for analyzing whether a

claimant is disabled.

6.     This five-step process is detailed below:

> First, the [Commissioner] considers whether the claimant is
> currently engaged in substantial gainful activity.  If he is not,
> the [Commissioner] next considers whether the claimant has
> a "severe impairment" which significantly limits his physical or
> mental ability to do basic work activities.  If the claimant suffers
> such an impairment, the third inquiry is whether, based solely
> on medical evidence, the claimant has an impairment which is
> listed in Appendix 1 of the regulations.  If the claimant has
> such an impairment, the [Commissioner] will consider him
> disabled without considering vocational factors such as age,
> education, and work experience; the [Commissioner]
> presumes that a claimant who is afflicted with a "listed"
> impairment is unable to perform substantial gainful activity.
> Assuming the claimant does not have a listed impairment, the
> fourth inquiry is whether, despite the claimant's severe
> impairment, he has the residual functional capacity to perform
> his past work.  Finally, if the claimant is unable to perform his
> past work, the [Commissioner] then determines whether there
> is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original);

see also Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999); 20 C.F.R. § 404.1520.

7.     While the claimant has the burden of proof as to the first four steps, the

Commissioner has the burden of proof on the fifth and final step.  See Bowen, 482 U.S.

at 146 n.5; <u>Ferraris v. Heckler</u>, 728 F.2d 582, 584 (2d Cir. 1984).  The final step of this inquiry is, in turn, divided into two parts.  First, the Commissioner must assess the claimant's job qualifications by considering his physical ability, age, education, and work experience.  Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform.  <u>See</u> 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(f); <u>Heckler v. Campbell</u>, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

8.      In this case, the ALJ made the following findings with regard to the five-step process set forth above: (1) Plaintiff has not engaged in substantial gainful activity since September 6, 2003 (R. at 20); (2) Plaintiff's bipolar disorder is considered a "severe" impairment within the meaning of the Act (R. at 20); (3) Plaintiff's impairment does not meet or equal an impairment listed in Appendix 1, Subpart P, Regulations No. 4 (R. at 20); (4) Plaintiff retained the residual functional capacity to perform work activity with certain restrictions[2] (R. at 21); and (5) Plaintiff had no past relevant work, but was capable of adjusting to work that existed in significant numbers in the national and regional economies.  (R. at 21).

9.      Plaintiff asserts a number of challenges to the ALJ's decision.  First, Plaintiff contends that the ALJ failed to give adequate weight to the opinion of her treating physician, Dr. Syed Jaffri.  (Plaintiff's Mem., pp. 4-8).  According to the "treating physician rule,"[3] the ALJ must give controlling weight to the treating physician's opinion when the

---

[2]In particular, the ALJ found that "claimant is capable of all exertional levels of work provided it is limited to routine, non-complex, unskilled tasks."  (R. at 21).

[3] "The 'treating physician's rule' is a series of regulations set forth by the Commissioner in 20 C.F.R. § 404.1527 detailing the weight to be accorded a treating physician's opinion."  <u>de Roman v. Barnhart</u>, No. 03-Civ.0075(RCC)(AJP), 2003 WL 21511160, at *9 (S.D.N.Y. July 2, 2003).

opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." 20 C.F.R. § 404.1527(d)(2); see also Green-Younger v. Barnhart, No. 02-6133, 2003 WL 21545097, at *6 (2d Cir. July 10, 2003); Shaw v. Chater, 221 F.3d 126, 134 (2d Cir. 2000).

Even if a treating physician's opinion is deemed not to be deserving of controlling weight, an ALJ may nonetheless give it "extra weight" under certain circumstances.  Under 20 C.F.R. § 404.1527(d)(1)-(6), the ALJ should consider the following factors when determining the proper weight to afford the treating physician's opinion if it is not entitled to controlling weight: (1) length of the treatment relationship and the frequency of examination, (2) nature and extent of the treatment relationship, (3) supportability of opinion, (3) consistency, (4) specialization of treating physician, and (5) other factors that are brought to the attention of the court. See de Roman, 2003 WL 21511160, at *9 (citing 20 C.F.R. § 404.1527(d)(2)); see also Shaw, 221 F.3d at 134; Clark v. Comm'r of Soc. Sec., 143 F.3d 115, 118 (2d Cir. 1998).

Here the Court finds that the ALJ gave an adequate justification for not attributing controlling weight to the opinion of Plaintiff's treating physician, Dr. Jaffri.  Dr. Jaffri wrote in the Medical Assessment of Ability to Do Work-Related Activities (Mental) that Plaintiff had poor judgment, a poor ability to interact with the public, a poor ability to deal with stress, and only a fair ability to carry out simple job instructions.  (R. at 206-07).  Dr. Jaffri diagnosed Plaintiff with bipolar disorder, and stated that based on her mental condition she could not work more than 15 hours per week.  (R. at 206-07).

The ALJ explained that Dr. Jaffri's opinion was not supported by substantial evidence in the record or by Dr. Jaffri's own progress notes.  (R. at 18).  While treating

Plaintiff from July 2000 through July 2004, Dr. Jaffri regularly noted that she was "alert, spontaneous, and coherent;" that her anxiety and depression were "under control" with the help of medications; and that at times she was successful at "holding down a job."  (R. at 18 (ALJ's Decision), 110-117 (Dr. Jaffri's treatment notes)).  Furthermore, the psychiatric evaluation conducted by Dr. Thomas Ryan on August 26, 2004, states that Plaintiff was "coherent and goal-directed," and that while "there appeared to be underlying depression" her cognitive functioning, insight, and judgement were fair and within the normal range. (R. at 176-177).  Dr. Ryan diagnosed bipolar disorder, but stated that Plaintiff could "follow and understand simple directions and instructions, perform simple tasks, maintain attention and concentration, and maintain a regular schedule and learn new tasks."  (R. at 177).

Having reviewed the ALJ's Decision and the medical evidence, this Court finds that the ALJ did not err in finding that Dr. Jaffri's opinion was not supported by substantial evidence in the record.  Furthermore, this Court finds that the ALJ adequately explained why Dr. Jaffri's opinion was not given controlling or extra weight.  Accordingly, Plaintiff's contention that the ALJ erred in declining to give Dr. Jaffri's opinion controlling weight is without merit.

10.    Plaintiff next contends that the ALJ's assessment of her residual functional capacity was not supported by substantial evidence.  (Plaintiff's Mem., pp. 8-10).  Plaintiff mainly argues that the ALJ failed to account for the opinion of Dr. Jaffri in determining her residual functional capacity.  However, as this Court has already found, Dr. Jaffri's opinion was not supported by substantial evidence in the record, and it was therefore not in error for the ALJ to discount Dr. Jaffri's opinion in determining Plaintiff's residual functional capacity.  The ALJ's assessment of Plaintiff's residual functional capacity is supported by

substantial evidence in the record, including the psychiatric evaluation of Dr. Ryan, which stated that Plaintiff could "follow and understand simple directions and instructions, perform simple tasks, maintain attention and concentration, and maintain a regular schedule and learn new tasks." (R. at 177). Having reviewed the ALJ's Decision and the evidence in the record, this Court finds no error with the ALJ's determination of Plaintiff's residual functional capacity.

11.     After carefully examining the administrative record, this Court finds that substantial evidence supports the ALJ's decision in this case, including the objective medical evidence and medical opinions contained therein. This Court is satisfied that the ALJ thoroughly examined the record and afforded appropriate weight to all of the medical evidence in rendering his decision that Plaintiff is not disabled within the meaning of the Act. Finding no reversible error, this Court will grant Defendant's Motion for Judgment on the Pleadings, and deny Plaintiff's Motion for Judgment on the Pleadings.

12.     For the foregoing reasons,

IT HEREBY IS ORDERED, that Defendant's Motion for Judgment on the Pleadings (Docket No. 4) is GRANTED.

FURTHER, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 6) is DENIED.

FURTHER, that the Clerk of the Court is directed to take the necessary steps to close this case.

SO ORDERED.

Dated:   March 10, 2008
              Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
United States District Judge